UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIE D. WILSON,

    Plaintiff,

v.                                                        Case No. 8:10-CV-617-T-30TBM

PINELLAS COUNTY SHERIFF,
et al.,

    Defendants.
_____/

## **ORDER**

Plaintiff, an inmate of the Florida penal system proceeding *pro se* and *in forma pauperis*, initiated this action by filing a civil rights complaint on March 11, 2010 (Dkt. 1). On April 26, 1996, the President signed into law the Prison Litigation Reform Act (hereinafter PLRA) which amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Section 1915(g) requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA. *Rivera v. Allin*, 144 F.3d 719, 730 (11th Cir.) (upholding this Court's "three strikes" dismissal of one of Plaintiff's previous actions), *cert.*

*dismissed*, 524 U.S. 978 (1998). Section 1915(g) specifically applies to both civil actions and appeals. The court judicially notices some of Plaintiff's prior actions that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: (1) 8:98-2136-Civ-T-24F(complaint dismissed for failure to state a claim upon which relief can be granted); (2) 8:99-384-Civ-T-25B(failure to exhaust administrative remedies);[1] (3) 99-381-Civ-T-17E(complaint dismissed for failure to state a claim upon which relief can be granted); (4) 8:98-1903-Civ-T-23B(dismissed for abuse of the judicial process);[2] and (5) 8:99-cv-690-T-23 (dismissed for abuse of the judicial process).

Plaintiff is not entitled to proceed *in forma pauperis* because he has had at least three prior civil actions and appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and he does not allege in his complaint that he is under imminent danger of serious physical injury. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint and paying the full $350.00 filing fee.

Accordingly, the Court **ORDERS** that:

---

[1] Failure to exhaust administrative remedies "is tantamount to one that fails to state a claim upon which relief may be granted." *Rivera*, 144 F.3d at 731.

[2] *See Rivera*, 144 F.3d at 731 ("[D]ismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g).").

1. The complaint (Dkt. 1) is **DISMISSED without prejudice**[3] to the filing of a new complaint, in a new case, with a new case number, upon payment of the $350.00 filing fee.

2. The Clerk shall close this case.

**DONE** and **ORDERED** in Tampa, Florida on March 15, 2010.

*[signature]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*

---

[3]*See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit.").